IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VENCE ALLEN LYNCH | § | |
| v. | § | CIVIL ACTION NO. 6:10cv382 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Vence Allen Lynch, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Lynch says that he received a 10-year sentence for aggravated assault on October 20, 1997, but that he was mistakenly released on parole on February 3, 1998, after service of 106 days, despite the fact that he was legally required to serve one-half his sentence before becoming eligible for parole. He argues that because he was released in error, he is entitled to credit for the eight and a half years he spent on parole before he violated the terms of this parole and was returned to prison.

The Respondent was ordered to answer the petition. This answer argues that Lynch's claims are successive and that his petition is barred by the statute of limitations. Lynch did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on March 4, 2011, recommending that the petition be dismissed as successive and that Lynch be denied a certificate of appealability *sua sponte*. The Magistrate Judge noted that Lynch had previously sought federal

habeas corpus relief in Lynch v. Director, civil action no. 6:09cv14 (E.D.Tex., dismissed September 4, 2009, appeal dismissed). In that petition, Lynch had argued that he had been on parole for eight years and was entitled to credit for this time. His prior petition was dismissed as barred by the statute of limitations.

In the present case, the Magistrate Judge said, while Lynch presents a somewhat different legal theory, the factual basis for his claim is essentially the same as that raised in his prior case, and this factual basis - the assertion that he is entitled to credit for the time because he was released in error - was available to him at the time of the filing of the earlier petition. Thus, the Magistrate Judge said, the present petition is successive, and should be dismissed on that basis. Because the district courts lack jurisdiction to consider successive petitions filed without obtaining permission from the appellate court to do so, as required by 28 U.S.C. §2244(b)(3), the Magistrate Judge did not address the limitations claim raised by the Respondent.

Lynch received a copy of the Magistrate Judge's Report on March 12, 2011, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 12) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus is hereby DISMISSED without prejudice, with refiling conditioned upon receipt of permission from the Fifth Circuit Court of Appeals to file a successive petition. He may not refile his petition until he obtains

such permission, and the dismissal of the present petition shall have no effect upon Lynch's right to seek permission to file a second or successive petition. It is further

ORDERED that the Petitioner Vence Allen Lynch is hereby DENIED a certificate of appealability *sua sponte*. The denial of this certificate shall have no effect upon Lynch's right to seek permission to file a second or successive petition, nor upon his right to fully pursue such a petition once this permission has been obtained. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 14th day of April, 2011.**

_____
LEONARD DAVIS
UNITED STATES DISTRICT JUDGE